[Cite as *State v. Redic*, 2013-Ohio-1070.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                             :

    Plaintiff-Appellee                 :          C.A. CASE NO.   25176

v.                                        :          T.C. NO.   11CR2502

JAI L. REDIC                              :         (Criminal appeal from
                                      Common Pleas Court)

    Defendant-Appellant               :

                             :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    22nd    day of    March   , 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ADELINA E. HAMILTON, Atty. Reg. No. 0078595, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   Defendant-appellant Jai L. Redic appeals a decision of the Montgomery

County Court of Common Pleas, General Division, overruling her motion for Intervention in Lieu of Conviction (ILC). Redic filed her motion for ILC on January 5, 2012, while her memorandum in support of said motion was filed shortly thereafter on January 24, 2012. On February 8, 2012, the trial court issued a decision overruling Redic's motion and declaring her ineligible for ILC. Redic filed a timely notice of appeal on May 4, 2012.

{¶ 2} At approximately eleven p.m. on July 24, 2011, Dayton Police Officers Joseph Setty and James Mollohan responded to a call regarding a "boyfriend/girlfriend" dispute at 2253 Northcrest Drive in Dayton, Ohio. Upon arriving at 2253 Northcrest Dr., the officers were informed that the "boyfriend" had left the residence and was reported to be at 5006 Northcrest Drive.

{¶ 3} The officers then traveled to 5006 Northcrest Dr. and knocked on the door. A young child answered the door. The officers asked the child if any adults were at home, and the child stated that he was being watched by an aunt who was sleeping on the couch. The officers asked the child to go wake up her aunt, who was later identified as Redic. Redic got up from the couch and greeted the officers. The officers explained their presence at the residence and asked if they could search for the "boyfriend." Redic gave the officers her consent to search the premises. During the course of their search, the officers observed several baggies of what appeared to be crack cocaine on the coffee table in the front room, as well as scales and razor blades. Officer Setty also discovered a handgun behind the pillow where Redic had been laying her head on the couch. Redic was subsequently arrested and taken into custody.

{¶ 4} On September 27, 2011, Redic was indicted by a Montgomery County

Grand Jury for possession of cocaine (in an amount exceeding five grams but less than ten grams - crack), in violation of R.C. 2925.11(A), a felony of the third degree. However, on September 30, 2011, H.B. 86 was passed by the Ohio Legislature. With respect to Redic, H.B. 86 had the effect of reducing her offense from a felony of the third degree to a felony of the fourth degree, thus making her potentially eligible for ILC.

{¶ 5}    On January 5, 2012, Redic filed a motion for ILC alleging that drug and/or alcohol usage was a factor leading to her criminal behavior. Redic also filed a memorandum in support of her motion for ILC arguing that under the new H.B. 86, she was eligible for ILC. As previously stated, the trial court issued a decision finding that Redic was ineligible for ILC. Specifically, the trial court found that the "aggravating circumstances" in R.C. 2929.13(B)(2)(a)-(i) render fourth and fifth degree offenses ILC ineligible. The trial court reasoned that a person charged with a felony of the fourth degree possession of cocaine while in possession of a firearm was ineligible for ILC. R.C. 2929.13(B)(2)(i).

{¶ 6}    On February 15, 2012, Redic filed a motion to suppress. After a hearing held on March 9, 2012, the trial court overruled Redic's motion in a judgment entry issued on the same day. Ultimately, Redic entered a no contest plea to the charged offense. The trial court found Redic guilty as charged and sentenced her to community control.

{¶ 7}    In the instant appeal, Redic challenges the trial court's decision finding her ineligible for ILC.

{¶ 8}    Redic's sole assignment of error is as follows:

{¶ 9}    "THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S

PREJUDICE WHEN IT OVERRULED HER MOTION FOR INTERVENTION IN LIEU OF CONVICTION BECAUSE THE DEFENDANT-APPELLANT WAS STATUTORILY ELIGIBLE FOR INTERVENTION IN LIEU OF CONVICTION AND THE SENTENCING FACTORS CONTAINED IN R.C. 2929.13(B)(2)(a)-(i) DID NOT CONSTITUTE A BAR TO HER ELIGIBILITY AS A MATTER OF LAW."

{¶ 10} In her sole assignment, Redic contends that the trial court erred when it overruled her motion for ILC. Specifically, Redic argues that the sentencing factors in R.C. 2929.13(B)(2)(a)-(i) do not constitute a bar to her eligibility to ILC as a matter of law. Redic also points out that R.C. 2901.04 mandates that the court should interpret the law strictly against the State and liberally in favor of the accused. Thus, Redic argues that we should find that the nine aggravating factors contained in R.C. 2929.13(B)(2)(a)-(i) do not create an automatic bar to her eligibility for ILC.

{¶ 11} "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense. R.C. 2951.041(A)(1). If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully

completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction. R.C. 2951.041(F)." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 9.

{¶ 12} "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime. *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (referring to a previous, but similar, version of R.C. 2951.041). R.C. 2951.041 is not limited to offenders charged with drug offenses. Rather, any offender charged with any qualifying offense may be eligible for ILC so long as the trial court has 'reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior.' R.C. 2951.041(A)(1). ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction. *State v. Ingram*, Cuyahoga App. No. 84925, 2005-Ohio-1967, 2005 WL 977820, ¶13." *Id*. at ¶ 10.

{¶ 13} The most current version of R.C. 2951.041(B)(1) states in pertinent part:

(B) An offender is eligible for [ILC] if the court finds all of the following:

(1) The offender *** is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(3)(b) of section

2929.13 of the Revised Code ***.[1]

It follows then that if the offender is charged with a felony of the fourth or fifth degree for which the trial court would *not* impose sentence under division (B)(3)(b) of R.C. 2929.13, the offender would *not* be eligible for ILC.  If the court were to impose sentence upon an offender for a felony of the fourth or fifth degree under R.C. 2929.13(B)(3)(b), then a presumption of community control would exist .

**{¶ 14}**  R.C. 2929.13(B)(3)(b) states in relevant part as follows:

Except as provided in (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.

**{¶ 15}**  Pursuant to the language in R.C. 2929.13(B)(3)(b), "if the court *does not* make a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this

---

[1]The trial court spent a great deal of time in its opinion overruling Redic's motion for ILC discussing how R.C. 2951.041(B)(1) of H.B. 86 issued on September 30, 2011, contained a clerical error in which it incorrectly referred to "division (B)(2)(b) of section 2929.13."  Thus, the trial court took it upon itself to correct the perceived error and reconstructed the statute to refer to "division (B)(3)(b) of section 2929.13" so that the statute would be internally consistent. However, on January 27, 2012, the Ohio Legislature passed emergency legislation which made the same statutory correction the trial court made in its opinion issued some thirteen days later on February 8, 2012.

section," then a felony carries the presumption of community control sanctions. In the instant case, however, the trial court found that one of the "aggravating circumstances" in R.C. 2929.13(B)(2)(a)-(i) existed when Redic was charged with possession of cocaine, a felony of the fourth degree. Specifically, the trial court found that Redic committed the fourth degree felony offense of possession of cocaine while in possession of a firearm, in violation of R.C. 2929.13(B)(2)(i) which states in pertinent part:

> (2) if division (B)(1) of this section does not apply, except as provided in division (B)(3), *** of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
>
> ***
>
> (i) The offender committed the offense while in possession of a firearm.

{¶ 16} "Although it does not preclude the imposition of community control sanctions, a finding of any of the factors set forth in [R.C. 2929.13(B)(2)(a)-(i)] weighs against the preference for community control and may justify incarceration." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282. Clearly, the existence of R.C. 2929.13(B)(2)(i), possession of a firearm while committing the charged offense, negated the presumption of community control sanctions found in R.C. 2929.13(B)(3)(b). Therefore, it was not error for the trial court to find that the existence of one of the "aggravating factors" set forth in R.C. 2929.13(B)(2)(a)-(i) rendered Redic ineligible for ILC.[2] Accordingly, the trial court did not err when it overruled Redic's motion for ILC

---

[2]At oral argument, counsel for Redic submitted supplemental authority

because it found that she committed the fourth degree felony offense of possession of cocaine while in possession of a firearm.

**{¶ 17}** Redic's sole assignment of error is overruled.

**{¶ 18}** Redic's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring:

**{¶ 19}** An accused is eligible for ILC if the court would impose sentence under R.C. 2929.13(B)(3)(b). R.C. 2929.13(B)(3)(b) provides that the court shall impose a community control sanction unless the court makes a finding described in R.C. 2929.13(B)(2)(i). The court made such a finding[3]; therefore, the trial court need not impose a community control sanction.

**{¶ 20}** The State argues that only offenses sentenced under R.C. 2929.13(B)(3)(b) qualify for consideration for ILC. That is, although the accused may be eligible for CCS, the legislature has determined that only those who have a presumption of CCS [pursuant to R.C. 2929.13(B)(3)(b)] are eligible for ILC. As convoluted as this legislation may be and no matter how much it is contrary to the benefits of ILC to the community, I must concur in this interpretation.

suggesting S.B. 160, effective March 22, 2013, compels a different result. However, this law is not retroactive and thus has no applicability to Redic's appeal.

[3]Any question concerning a court's making this factual finding which directly affects an accused's statutory eligibility for ILC, is not before us.

. . . . . . . . . .

Copies mailed to:

Michele D. Phipps
Adelina E. Hamilton
Hon. Dennis J. Langer