[Cite as *State v. Taylor*, **2014-Ohio-2821**.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-59 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-106 |
| v. | : | |
| | : | |
| ANTHONY C. TAYLOR | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, and RYAN A. SAUNDERS, Legal Intern, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

CHRIS TILL, Atty. Reg. #0086486, Chris Till, Attorney at Law, Post Office Box 723, Yellow Springs, Ohio 45387
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     Anthony C. Taylor appeals from his conviction and sentence following a guilty

plea to one count of carrying a concealed weapon, a fourth-degree felony.

{¶ 2}    In his sole assignment of error, Taylor contends the trial court erred in overruling his motion for intervention in lieu of conviction (ILC).

{¶ 3}    The record reflects that Taylor moved for ILC following his indictment. The trial court overruled the motion, finding him ineligible based on this court's opinion in *State v. Redic*, 2d Dist. Montgomery No. 25176, 2013-Ohio-1070. The trial court rejected Taylor's claim that S.B. 160, new legislation not relied on in *Redic*, made him ILC eligible. (June 4, 2013 Tr. at 7). Taylor then pled guilty to the charge against him. The trial court found him guilty and imposed community control. This appeal followed.

{¶ 4}    The issue before us is whether the trial court erred in finding Taylor ineligible for ILC. On appeal, he reiterates his argument about S.B. 160 making him eligible. For its part, the State concedes error in the trial court's ruling. The State agrees that Taylor was ILC eligible under S.B. 160.

{¶ 5}    Upon review, we find Taylor's argument to be persuasive. Prior to March 22, 2013, a portion of the ILC statute, former R.C. 2951.041(B)(1), made a defendant ILC eligible if, among other things, upon conviction the trial court "would impose sentence under division (B)(3)(b) of section 2929.13 of the Revised Code[.]" Under then-existing R.C. 2929.13(B)(3)(b), a presumption for community control arose absent an aggravating circumstance. In essence, the ILC statute incorporated aggravating circumstances that eliminated the presumption for community control. And the absence of a presumption for community control rendered a defendant ineligible for ILC. *See Redic* at ¶ 13-16.

{¶ 6}    Effective March 22, 2013, S.B. 160 amended the ILC statute.[1] The S.B. 160

---

[1] The parties agree that the S.B. 160 version of R.C. 2951.041(B)(1) applies to Taylor, who committed his offense prior to March 22,

version of R.C. 2951.041(B)(1) makes a defendant ILC eligible if, among other things, upon conviction the trial court "would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code[.]" Here the trial court *did* impose community control after overruling Taylor's ILC motion. The issue, then, is whether it did so "under" R.C. 2929.13(B)(2). To resolve this issue, we must examine the various parts of R.C. 2929.13(B) more closely. The relevant portions of R.C. 2929.13(B) read:

> *(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply*:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details

---

2013 but was sentenced after the statute's effective date. Although the statute is not retroactive, it potentially reduces the penalty or punishment for his offense if, in fact, it makes him ILC eligible whereas he would not have been ILC eligible under the pre-March 22, 2013 version of the statute. *See* R.C. 1.58(B) ("If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."); *State v. Fazel*, Montgomery C.P. No. 2013 CR 00231 (July 23, 2013) ("The modification of O.R.C. § 2951.041 eliminating the presence of an aggravating factor as an absolute bar to ILC consideration acts to reduce the penalty—avoidance of a felony conviction—for an individual who, under the amended statutory iteration, is eligible for and is granted ILC.").

of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

*(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:*

*(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.*

* * *

*(2) If division (B)(1) of this section does not apply, * * * in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.*

(Emphasis added) R.C. 2929.13(B)(1)(a), (B)(1)(b), and (B)(2).

**{¶ 7}** In essence, R.C. 2929.13(B)(1)(a) mandates community control for fourth and fifth-degree felony offenses when certain requirements are met. A sentencing court has no discretion to impose a prison term when a defendant is sentenced under division (B)(1)(a). Under division (B)(1)(b), however, a trial court regains discretion to impose a prison term on a defendant who otherwise would fit within the scope of division (B)(1)(a) but for the presence of

one or more additional facts.[2] Finally, division (B)(2) provides that "[i]f division (B)(1) * * * does not apply," a trial court should exercise its discretion in deciding whether to impose a prison term by considering the purposes and principles of sentencing and the statutory seriousness and recidivism factors.

{¶ 8} The issue here is whether division (B)(1) applied in Taylor's case or whether he was sentenced to community control under division (B)(2). As set forth above, the ILC statute, R.C. 2951.041(B)(1), makes a defendant ILC eligible only if upon conviction the trial court "would impose a community control sanction on the offender under division (B)(2)[.]"

{¶ 9} In analyzing the ILC statue—as well as R.C 2923.13(B)(1)(a), (B)(1)(b), and (B)(2)—two problems are readily apparent. First, as written, the ILC statute excludes from eligibility those offenders seemingly best suited for ILC—i.e., defendants who committed the least egregious offenses and, therefore, would receive mandatory community control under R.C. 2929.13(B)(1)(a). Because they would be sentenced to mandatory community control under division (B)(1)(a), they would not be sentenced to community control under division (B)(2), as required for ILC eligibility. Therefore, the current scheme curiously strips ILC eligibility from a group for whom it seems most beneficial.

{¶ 10} The second problem with the current scheme is that, as written, it provides a trial court with no guidance how to exercise its discretion on an offender under R.C. 2929.13(B)(1)(b). Because Taylor's offense involved possession of a firearm, he fit under R.C.

---

[2] These facts are roughly analogous to the "aggravating circumstances" that formerly made a defendant ineligible for ILC as discussed in *Redic*. The relevant fact here is that Taylor possessed a firearm. See R.C. 2929.13(B)(1)(b)(i). The statute delineates ten additional circumstances, however, under which a trial court regains the discretion to impose a prison term on a defendant who otherwise would be subject to mandatory community control. *See* R.C. 2929.13(B)(1)(b)(ii) through (xi).

2929.13(B)(1)(b)(i). This means the trial court retained discretion to sentence him to prison or community control. But nothing in R.C. 2929.13(B)(1)(b) guides a trial court's exercise of that discretion. Such guidance is found in R.C. 2929.13(B)(2), which directs a trial court considering prison or community control for a fourth of fifth-degree felony to consider the purposes and principles of sentencing as well as the statutory seriousness and recidivism factors.

{¶ 11}   On its face, however, R.C. 2929.13(B)(2) applies *only if* R.C. 2929.13(B)(1) does not. Here R.C. 2929.13(B)(1)(b)(i) applied to Taylor because of his firearm possession.   Thus, a literal reading of R.C. 2929.13(B)(2) would leave the trial court in a dilemma. It would have discretion to impose community control or a prison term on Taylor because   (B)(1)(b)(i) applied, but would have no guidance in the exercise of that discretion because (B)(2) only applies if (B)(1) does not.

{¶ 12}   Having considered the statutory scheme before us, we believe there is an obvious error of omission in R.C. 2929.13(B)(2). Instead of saying "[i]f division (B)(1) of this section does not apply," a court considering community control or a prison term must consider the purposes and principles of sentencing and the statutory seriousness and recidivism factors, we believe R.C. 2929.13(B)(2) necessarily was intended to begin, "If division (B)(1)**(a)** of this section does not apply, * * *[.]" Referring specifically to division (B)(1)(a), rather than to division (B)(1) as a whole, avoids some absurd results while making the statute coherent and internally consistent.

{¶ 13}   We reach this conclusion for at least two reasons. First, excluding division (B)(1)**(a)** from division (B)(2) makes perfect sense given the nature of the two provisions. Division (B)(1)(a) mandates community control for the least egregious F4 and F5 offenders. That

being so, it would be impossible for a trial court to exercise "discretion" under division (B)(2), by considering the purposes and principles of sentencing and the seriousness and recidivism factors, to determine whether defendants falling under division (B)(1)(a) should receive community control. For those defendants, community control is automatic. A trial court has no discretion. Second, reading division (B)(2) as excluding only defendants subject to mandatory community control under division (B)(1)**(a)** resolves the dilemma a trial court faces with regard to a defendant like Taylor, who falls under R.C. 2929.13(B)(1)(b) by virtue of his firearm possession and, therefore, could be sentenced to community control or prison. If division (B)(2) applies where division (B)(1)**(a)** does not, then the trial court here could exercise its discretion under division (B)(2) to sentence Taylor to community control. This is so because, as explained above, Taylor did not fit within R.C. 2929.13(B)(1)(a).

{¶ 14} In short, the only reasonable interpretation of R.C. 2929.13(B)(2) is that the legislature intended (B)(2) to apply whenever R.C. 2929.13(B)(1)**(a)** [mandatory community control] did not.[3] Because R.C. 2929.13(B)(1)(a) did not apply to Taylor, the trial court had discretion to sentence him to prison or community control pursuant to R.C. 2929.13(B)(1)(b). In exercising that discretion, the trial court had to proceed under R.C. 2929.13(B)(2), which provided for consideration of the purposes and principles of sentencing along with the statutory seriousness and recidivism factors. Therefore, in sentencing Taylor to community control, the trial court necessarily did impose that sanction under R.C. 2929.13(B)(2). Accordingly, pursuant to R.C. 2951.041(B)(1), he was ILC eligible. We agree with the parties that the trial court erred

---

[3]Although we ordinarily are loath to alter the terms of a statute—here by changing the reference in division (B)(2) from "division (B)(1)" to "division (B)(1)(a)"—we are permitted to correct the language of a statute "if both the error and the correct result are obvious." *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 46. We find that to be the case here.

in finding otherwise.[4]

{¶ 15}   The sole assignment of error is sustained. The judgment of the Clark County Common Pleas Court is reversed, and the cause is remanded for the trial court to determine, in the exercise of its discretion, whether to grant Taylor ILC.

{¶ 16}   In light of our opinion, the appellant's request for oral argument is overruled.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Lisa M. Fannin
Ryan A. Saunders
Chris Till
Hon. Richard J. O'Neill

---

[4] Our analysis herein admittedly does not resolve the problem that, on its face, the ILC statute, R.C. 2951.041(B)(1), precludes from eligibility the least egregious offenders who would receive mandatory community control under R.C. 2929.13(B)(1)(a) and, therefore, would not be sentenced under R.C. 2929.13(B)(2). Because Taylor does not fit within the scope of R.C. 2929.13(B)(1)(a), however, we properly leave that problem for another day.