[Cite as *State v. Ward*, 2014-Ohio-3505.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

DILLON A. WARD

      Defendant-Appellant


Appellate Case No.    25988

Trial Court Case No.   2013-CR-1423


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 15th day of August, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ADELINA E. HAMILTON, Atty. Reg. No. 0078595, Assistant Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-appellant, Dillon A. Ward, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas following his no contest plea to one count of carrying a concealed weapon.  Ward's appeal challenges the trial court's judgment  overruling his motion for intervention in lieu of conviction ("ILC").  Plaintiff-appellee, the State of Ohio, concedes error.  For the reasons outlined below, the judgment of the trial court will be reversed and remanded.

**Facts and Course of Proceedings**

{¶ 2}     On July 23, 2013, Ward was indicted for possessing marijuana in violation of R.C. 2925.11(A), a minor misdemeanor, and carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree.  At the time of these offenses, Ward was on probation with the Dayton Municipal Court due to a November 2012 misdemeanor conviction for attempted assault in violation of R.C. 2903.13(A).  Ward, however, had no prior felony convictions.

{¶ 3}     Following his indictment, on August 20, 2013, Ward filed a motion for ILC claiming that drugs and/or alcohol was a factor leading to his offenses.  In response to his motion, the trial court referred Ward for an ILC eligibility report.  On September 19, 2012, the court informed Ward that the eligibility report indicated he was statutorily ineligible for ILC due to the fact that he was on probation at the time of his indicted offenses.  Accordingly, the trial court denied Ward's motion for ILC.  Ward then filed a motion for the trial court to reconsider

its decision, which the State opposed. On October 25, 2013, the trial court issued a written decision overruling Ward's motion for reconsideration.

{¶ 4} After his motion for reconsideration was overruled, on October 31, 2013, Ward entered a plea agreement with the State and pled no contest to carrying a concealed weapon. In exchange for his plea, the State dismissed the charge for possessing marijuana. The trial court proceeded to sentencing immediately after accepting Ward's no contest plea, and sentenced him to community control sanctions for up to five years. Ward now appeals from his conviction and sentence, raising one assignment of error for review.

**Assignment of Error**

{¶ 5} Ward's sole assignment of error is as follows:

THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE WHEN IT OVERRULED HIS MOTION FOR INTERVENTION IN LIEU OF CONVICTION BECAUSE THE DEFENDANT-APPELLANT WAS STATUTORILY ELIGIBLE FOR INTERVENTION IN LIEU OF CONVICTION AND THE SENTENCING FACTORS CONTAINED IN R.C. 2929.13(B)(1)(b)(i)-(xi) DID NOT CONSTITUTE A LEGAL BAR TO HIS ELIGIBILITY AS A MATTER OF LAW.

{¶ 6} In his single assignment of error, Ward contends the trial court erred in finding that he was statutorily ineligible for ILC and in overruling his motion for ILC on that basis. The State concedes error in this regard. We agree that the trial court erred.

{¶ 7} Under R.C. 2951.041(B), offenders may be granted ILC where they meet certain

requirements. Among these requirements, and the requirement at issue in this case, is that the trial court "upon conviction, would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code[.]" [1] R.C. 2951.041(B)(1). If a defendant satisfies this requirement and all the other statutory eligibility requirements in R.C. 2951.041(B), the trial court then has discretion to decide whether to grant ILC. (Citation omitted.) *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, ¶ 20.

{¶ 8} In determining whether the trial court imposed Ward's community control sanction under division (B)(2) of R.C. 2929.13, the other relevant divisions of R.C. 2929.13(B) must be considered. Division (B)(1)(a) of the statute mandates community control for fourth and fifth-degree felony offenses when certain requirements are met. It provides, in relevant part, that:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

* * *

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

---

[1] This version of R.C. 2951.041(B)(1) became effective pursuant to Am.Sub.S.B. No.160 on March 22, 2013; therefore, it applies to Ward's concealed carry offense, which occurred on April 25, 2013.

R.C. 2929.13(B)(1)(a).

{¶ 9} Division (B)(1)(b) of the statute provides 11 circumstances in which a trial court has discretion to impose a prison term as opposed to mandatory community control sanctions. The relevant portions of this division are as follows:

> The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> * * *
>
> (xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

R.C. 2929.13(B)(1)(b).

{¶ 10} Division (B)(2) of the statute guides the trial court on how to exercise its discretion when determining whether to impose a prison term. This division states that:

> If division (B)(1) of this section does not apply, * * * in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

R.C. 2929.13(B)(2).

{¶ 11} In this case, the trial court found that Ward was statutorily ineligible for ILC

under R.C. 2951.041(B)(1), because the court determined that it imposed community control under division (B)(1) of R.C. 2929.13 as opposed to division (B)(2). The trial court came to this conclusion because Ward committed his offenses while on probation, which is an exception to the imposition of mandatory community control under (B)(1)(b)(xi). Specifically with respect to division (B)(2), the trial court stated that "[t]he very fact that the General Assembly utilized the qualifying phrase–'If division (B)(1) of this section does not apply'–conveys its clear continuing intent that the presence of any 'aggravating circumstances' listed in division (B)(1) disqualifies an offender for ILC." Decision and Entry (Oct. 25, 2013), Montgomery County Court of Common Pleas Case No. 2013-CR-01423, Docket No. 15, p. 7.

{¶ 12} Pursuant to our recent decision in *State v. Taylor*, 2014-Ohio-2821, ___ N.E.3d ___ (2d Dist.), the trial court's determination was made in error. In *Taylor*, we concluded that "there is an obvious error of omission in R.C. 2929.13(B)(2)." *Id*. at ¶ 12. Specifically, we explained that "[i]nstead of saying '[i]f division (B)(1) of this section does not apply,' * * * R.C. 2929.13(B)(2) necessarily was intended to begin, 'If division (B)(1)(a) of this section does not apply, * * *[.]' " *Id*. We came to this conclusion because "[r]eferring specifically to division (B)(1)(a), rather than to division (B)(1) as a whole, avoids some absurd results while making the statute coherent and internally consistent." *Id*. To further clarify, we also stated the following:

> In short, the only reasonable interpretation of R.C. 2929.13(B)(2) is that the legislature intended (B)(2) to apply whenever R.C. 2929.13(B)(1)(a) [mandatory community control] did not. Because R.C. 2929.13(B)(1)(a) did not apply to Taylor, the trial court had discretion to sentence him to prison or community

control pursuant to R.C. 2929.13(B)(1)(b). In exercising that discretion, the trial court had to proceed under R.C. 2929.13(B)(2), which provided for consideration of the purposes and principles of sentencing along with the statutory seriousness and recidivism factors. Therefore, in sentencing Taylor to community control, the trial court necessarily did impose that sanction under R.C. 2929.13(B)(2). Accordingly, pursuant to R.C. 2951.041(B)(1), he was ILC eligible.

(Footnote omitted.) *Id*. at ¶ 14.

{¶ 13} In the instant case, mandatory community control under R.C. 2929.13(B)(1)(a) does not apply to Ward, because within two years of his concealed carry offense, he was convicted of attempted assault–a "misdemeanor offense of violence." *See* R.C. 2901.01(A)(9)(a),(d); R.C. 2929.13(B)(1)(a)(iv); R.C. 2903.13(A). Additionally, Ward committed his concealed carry offense while on probation. This is a factor under section (xi) of R.C. 2929.13(B)(1)(b) that gives the trial court discretion to impose a prison sentence. In exercising its discretion, the trial court was required to proceed under division (B)(2) of R.C. 2929.13. *Taylor* at ¶ 14. Therefore, when the trial court decided to sentence Ward to community control, it necessarily imposed that sanction pursuant to R.C. 2929.13(B)(2). *See Id.* Accordingly, Ward was ILC eligible under R.C. 2951.041(B)(1), and the trial court erred in finding otherwise.

{¶ 14} Ward's sole assignment of error is sustained.

## Conclusion

{¶ 15} Having sustained Ward's sole assignment of error, the trial court's judgment

finding Ward statutorily ineligible for ILC is reversed and the cause is remanded for the trial court to determine, in the exercise of its discretion, whether to grant ILC.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
April F. Campbell
Adelina E. Hamilton
Hon. Dennis J. Langer