[Cite as *State v. Browning*, 2014-Ohio-4857.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :              C.A. CASE NO.    26174

v.                               :              T.C. NO.    13CR3727

PHYLLIS R. BROWNING              :              (Criminal appeal from
                                                 Common Pleas Court)

    Defendant-Appellant         :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____31st_____ day of _____October_____, 2014.

. . . . . . . . . .

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ADELINA E. HAMILTON, Atty. Reg. No. 0078595, Assistant Public Defender, 117 S.
Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

**{¶ 1}** Phyllis Browning appeals from a judgment of the Montgomery County Court of Common Pleas. On her no contest plea, the trial court found Browning guilty of aggravated possession of drugs (Methamphetamine), a felony of the fifth degree; Browning entered her plea after the trial court found that she was ineligible for intervention in lieu of conviction ("ILC"). The State dismissed a second count, possession of drug paraphernalia, as part of the plea agreement. The trial court sentenced Browning to community control and suspended her driver's license for six months.

**{¶ 2}** Browning appeals, raising one assignment of error, which challenges the trial court's conclusion that she was ineligible for ILC. The State concedes that the trial court erred in concluding that Browning was ineligible for ILC.

**{¶ 3}** At the time of her indictment in this case, Browning was on probation for a misdemeanor theft offense. At her plea hearing, the trial court found that her misdemeanor probation was "an aggravating circumstance which, by law, render[ed] her ineligible for ILC." The trial court apparently found that, because of Browning's misdemeanor probation, it could not impose community control pursuant to the ILC statute, particularly R.C. 2951.041(B)(1), which relates to whether the trial court "would impose a community control sanction on the offender under [R.C. 2929.13(B)(2)]."

**{¶ 4}** Subsequent to the trial court's judgment in Browning's case, we discussed this issue in *State v. Taylor*, 2d Dist. Clark No. 2013-CA-59, 2014-Ohio-2821. *Taylor* analyzed R.C. 2951.041 (the ILC statute), R.C. 2929.13(B)(1)(a), (B)(1)(b), and (B)(2) (sentencing provisions), and the interplay among these statutes.

* * * Prior to March 22, 2013, a portion of the ILC statute, former R.C. 2951.041(B)(1), made a defendant ILC eligible if, among other things, upon conviction the trial court "would impose sentence under division (B)(3)(b) of section 2929.13 of the Revised Code[.]" Under then-existing R.C. 2929.13(B)(3)(b), a presumption for community control arose absent an aggravating circumstance. In essence, the ILC statute incorporated aggravating circumstances that eliminated the presumption for community control. And the absence of a presumption for community control rendered a defendant ineligible for ILC. *See* [*State v*.] *Redic*, [2d Dist. Montgomery No. 25176, 2013-Ohio-1070,] at ¶ 13-16.

Effective March 22, 2013, S.B. 160 amended the ILC statute. The S.B. 160 version of R.C. 2951.041(B)(1) makes a defendant ILC eligible if, among other things, upon conviction the trial court "would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code[.]" Here the trial court *did* impose community control after overruling Taylor's ILC motion. The issue, then, is whether it did so "under" R.C. 2929.13(B)(2). To resolve this issue, we must examine the various parts of R.C. 2929.13(B) more closely.

*Taylor* at ¶ 5-6.

{¶ 5} As discussed in *Taylor* and as it pertains to Browning's case, the relevant portions of R.C. 2929.13(B) read:

*(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an*

*offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:*

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

*(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:* * * *

*(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.*

*(2) If division (B)(1) of this section does not apply, \* \* \* in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.*

(Emphasis added) R.C. 2929.13(B)(1)(a), (B)(1)(b), and (B)(2).

{¶ 6}  Our analysis in *Taylor* continued, as follows:

In essence, R.C. 2929.13(B)(1)(a) mandates community control for fourth and fifth-degree felony offenses when certain requirements are met. A sentencing court has no discretion to impose a prison term when a defendant is sentenced under division (B)(1)(a).  Under division (B)(1)(b), however, a trial court regains discretion to impose a prison term on a defendant who otherwise would fit within the scope of division (B)(1)(a) but for the presence of one or more additional facts. Finally, division (B)(2) provides that "[i]f division (B)(1) \* \* \* does not apply," a trial court should exercise its discretion in deciding whether to impose a prison term by considering the purposes and principles of sentencing and the statutory seriousness and recidivism factors.

The issue here is whether division (B)(1) applied in Taylor's case or

whether he was sentenced to community control under division (B)(2). As set forth above, the ILC statute, R.C. 2951.041(B)(1), makes a defendant ILC eligible only if upon conviction the trial court "would impose a community control sanction on the offender under division (B)(2)[.]"

*Taylor* at ¶ 7-8.

**{¶ 7}** Finding "an obvious error of omission in R.C. 2929.13(B)(2)," we held that "the only reasonable interpretation of R.C. 2929.13(B)(2) is that the legislature intended (B)(2) to apply whenever R.C. 2929.13(B)(1)(a) [mandatory community control] did not." In other words, we held that the legislature intended for the opening phrase of R.C. 2929.13(B)(2) to state "[i]f division (B)(1)(a) of this section does not apply, * * *" rather than "[i]f division (B)(1) * * * does not apply." *Taylor* at ¶ 14. We then concluded that, because R.C. 2929.13(B)(1)(a) did not apply under the facts in *Taylor*, the trial court had discretion under R.C. 2929.13(B)(1)(b) to sentence the defendant to prison or community control. "In exercising that discretion, the trial court had to proceed under R.C. 2929.13(B)(2), which provided for consideration of the purposes and principles of sentencing along with the statutory seriousness and recidivism factors. Therefore, in sentencing Taylor to community control, the trial court necessarily did impose that sanction under R.C. 2929.13(B)(2). Accordingly, pursuant to R.C. 2951.041(B)(1), he was ILC eligible." *Id.* Our analysis of this issue is more fully discussed in *Taylor* and in *State v. Ward*, 2d Dist. Montgomery No. 25988, 2014-Ohio-3505.

**{¶ 8}** Based on our holdings in *Taylor* and *Ward*, the parties agree that the trial court erred in concluding that Browning was statutorily ineligible for ILC. We agree with

the parties' assessment.

{¶ 9}    Browning's assignment of error is sustained.

{¶ 10}    The judgment will be reversed, and the cause will be remanded for the trial court to determine, in the exercise of its discretion, whether to grant Browning ILC.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

April F. Campbell
Adelina E. Hamilton
Hon. Dennis J. Langer