[Cite as *State v. Washington*, 2015-Ohio-37.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO               :
                                :

    *Plaintiff-Appellee*        :    Appellate Case No. 26173
                                :

v.                           :    Trial Court Case No. 2013-CR-2462
                                :

BYRON WASHINGTON, JR.    :    (Criminal Appeal from
                                :    Common Pleas Court)

    *Defendant-Appellant*    :
                                :

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of January, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ADELINA E. HAMILTON, Atty. Reg. No. 0078595, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Byron Washington, appeals from a trial court decision denying his motion for Intervention in Lieu of Conviction (ILC). In support of his appeal, Washington contends that the trial court erred in concluding that the sentencing factors in R.C. 2929.13(B)(1)(b)(i)-(xi) constitute a legal bar to ILC eligibility as a matter of law.

**{¶ 2}** The State has filed a notice of conceded error, pursuant to Loc.R. 2.24 of the Second District Court of Appeals. We agree with the State that the trial court erred in concluding that Washington was ineligible for ILC as a matter of law. Accordingly, the judgment of the trial court will be reversed and the case will be remanded for further proceedings.

## I. Facts and Course of Proceedings

**{¶ 3}** In October 2013, Washington was indicted for possession of less than 5 grams of cocaine, a fifth degree felony; possession of marijuana, a minor misdemeanor; and possession of heroin in an amount equaling 10 or more unit doses but less than 50 unit doses, a fourth degree felony. After pleading not guilty, Washington filed a motion with the trial court in November 2013, requesting ILC. Subsequently, on December 19, 2013, the trial court filed an entry and order for capias and setting bond, based on Washington's failure to appear in court. At a hearing held in April 2014, the trial court denied the motion for ILC, based on the court's prior ruling in *State v. Ward*, Montgomery C.P. No. 13-CR-1423, which had held that "if any of the so-called aggravating circumstances listed in R.C. 2929.13(B)(1) are present, the defendant would then be ineligible for ILC." Transcript of April 3, 2014 Plea Hearing, p. 14. Because Washington

had violated a term of his bond conditions, the trial court concluded that Washington was ineligible for ILC as a matter of law. *Id.* at pp. 14-15.

{¶ 4} Following the trial court's remarks, Washington pled no contest to the charges so that he could appeal the court's decision. The court then found Washington guilty and sentenced him to community control sanctions for a term not to exceed five years. Washington appeals from the termination entry imposing community controls.

## II. ILC and Sentencing Factors

{¶ 5} Washington's sole assignment of error states that:

The Trial Court Erred to the Defendant-Appellant's Prejudice When it Overruled His Motion for Intervention in Lieu of Conviction Because the Defendant Was Statutorily Eligible for Intervention in Lieu of Conviction and the Sentencing Factors in R.C. 2929.13(B)(1)(b)(i)-(xi) Did Not Constitute a Legal Bar to His Eligibility as a Matter of Law.

{¶ 6} Under this assignment of error, Washington contends that the trial court's decision was erroneous, based on opinions that our appellate district issued in *State v. Taylor*, 2014-Ohio-2821, 15 N.E.3d 900 (2d Dist.), and *State v. Ward*, 2d Dist. Montgomery No. 25988, 2014-Ohio-3505.

{¶ 7} Pursuant to R.C. 2951.041(B)(1), an offender is eligible for ILC, where, among other things, the offender "is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code * * *."

{¶ 8} Both *Taylor* and *Ward*, like the case before us, dealt with situations where the

trial court was not required to impose mandatory community control under R.C. 2929.13(B)(1)(a) due to the presence of one of the factors listed in R.C. 2929.13(B)(1)(b)(i)-(xi). In *Taylor*, the pertinent factor was the defendant's possession of a firearm; in *Ward*, the factor was that the defendant committed the offense while on probation. *See Taylor* at ¶ 11; *Ward* at ¶ 2 and 8.

{¶ 9} Thus, instead of sentencing the defendant to mandatory community control, the trial court had discretion under R.C. 2929.13(B)(1)(b) and (B)(2) to impose a prison sentence. *Ward* at ¶ 13. The trial courts in *Taylor* and *Ward* concluded, however, that the presence of one of the "aggravating" factors in R.C. 2929.13(B)(1)(b)(i)-(xi) barred the offender's eligibility for ILC. *Taylor* at ¶ 3-5; *Ward* at ¶ 11.

{¶ 10} We noted in *Ward* that:

Pursuant to our recent decision in *State v. Taylor*, 2014–Ohio–2821, [15] N.E.3d [900] (2d Dist.), the trial court's determination was made in error. In *Taylor*, we concluded that "there is an obvious error of omission in R.C. 2929.13(B)(2)." *Id.* at ¶ 12. Specifically, we explained that "[i]nstead of saying '[i]f division (B)(1) of this section does not apply,' * * * R.C. 2929.13(B)(2) necessarily was intended to begin, 'If division (B)(1)(a) of this section does not apply, * * *[.]' " *Id.* We came to this conclusion because "[r]eferring specifically to division (B)(1)(a), rather than to division (B)(1) as a whole, avoids some absurd results while making the statute coherent and internally consistent." *Id.* To further clarify, we also stated the following:

"In short, the only reasonable interpretation of R.C. 2929.13(B)(2) is that the legislature intended (B)(2) to apply whenever R.C. 2929.13(B)(1)(a) [mandatory

community control] did not. Because R.C. 2929.13(B)(1)(a) did not apply to Taylor, the trial court had discretion to sentence him to prison or community control pursuant to R.C. 2929.13(B)(1)(b). In exercising that discretion, the trial court had to proceed under R.C. 2929.13(B)(2), which provided for consideration of the purposes and principles of sentencing along with the statutory seriousness and recidivism factors. Therefore, in sentencing Taylor to community control, the trial court necessarily did impose that sanction under R.C. 2929.13(B)(2). Accordingly, pursuant to R.C. 2951.041(B)(1), he was ILC eligible."

*Ward*, 2d Dist. Montgomery No. 25988, 2014-Ohio-3505, at ¶ 12.

{¶ 11} In responding to the assignment of error, the State has filed a notice of conceded error, pursuant to Loc.R. 2.24 of the Second District Court of Appeals. The State indicates that it agrees with Washington that he was eligible for ILC under our decisions in *Taylor* and *Ward*, and that the case should be remanded for the trial court to determine whether to grant ILC, in its discretionary power.

{¶ 12} Accordingly, Washington's sole assignment of error is sustained.

III. Conclusion

{¶ 13} Washington's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
Adelina E. Hamilton
Hon. Dennis J. Langer