[Cite as *State v. Skeens*, 2015-Ohio-445.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26257 |
| | : | |
| v. | : | T.C. NO. 13CR3914/4 |
| | : | |
| RONALD SKEENS | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the __6th__ day of ___February___, 2015.

. . . . . . . . . . .

CARLEY J. INGRAM, Atty, Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

WILLIAM O. CASS, Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 209, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Ronald Skeens appeals his conviction and sentence for one count for possession of heroin in violation of R.C. 2925.11(A), a fourth degree felony, and one count for possession of a drug abuse instrument in violation of R.C. 2925.12(A), a second degree misdemeanor. Skeens filed his timely notice of appeal on

June 5, 2014.

**{¶ 2}** On January 22, 2014, the Appellant was indicted for possession of heroin (> 10 unit doses) and Possessing Drug Abuse Instruments. On March 26, 2014 Skeens filed a request for intervention in lieu of conviction under R.C. 2925.041, which the court, citing its earlier decision in *State v. Dillon Ward,* Montgomery C.P. No. 2013-CR-1423, overruled*. At* the time of the charges alleged in the indictment, Skeens was on community control sanctions, a fact that, under R.C. 2929.13(B)(1)(b)(iii), meant he did not qualify for the mandatory imposition of community control and which, in the trial court's view, disqualified him for ILC. The Court informed Skeens, however, that in exchange for pleas of no contest to the charges in the indictment, it would follow the recommendation of the ILC report and place him on community control, which would preserve his ability to appeal the denial of ILC. Skeens pled no contest to both counts of the indictment and the court found him guilty.   The Court placed Skeens on community control.

**{¶ 3}** It is from this judgment that Skeens now appeals.

**{¶ 4}** Skeens' sole assignment of error is as follows:

**THE TRIAL COURT ERRED WHEN IT DENIED SKEENS' MOTION FOR ILC WHILE ON PROBATION.**

**{¶ 5}** The Court's only basis for denying his motion for ILC was that Skeens was on misdemeanor probation in Xenia Municipal Court. In making its decision, the Court relied entirely upon its previous ruling in *State v. Ward,* Montgomery C.P. No. 2013-CR-1423 (Oct. 25, 2013).[1]   However, *Ward* was reversed by this Court on August 15, 2014. *State v. Ward*, 2d Dist. Montgomery No. 25988, 2014-Ohio-3505. Based on

---

[1]Overturned by this Court's prior jurisprudence in *State v. Taylor,* 2014-Ohio-2821, 15 N.E.3d 900 (2d Dist.).

*Ward and Taylor,* committing the charged offenses while on community control sanctions for another offense meant that Skeens would not qualify for mandatory community control sanctions under R.C. 2929.13(B)(1)(a), but because R.C. 2929.13(B)(1)(b) and R.C. 2929.13(B)(2) gave the trial court the discretion to impose community control sanctions if he were convicted, he was in fact eligible for ILC. For that reason, pursuant to Local Rule 2.24, the State of Ohio gave notice that it does not contest the error argued by Skeens. We agree. Accordingly, this matter is reversed and remanded back for consideration of Skeens' ILC application.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
William O. Cass
Hon. Dennis J. Langer