[Cite as *State v. Dobbins*, 2022-Ohio-4768.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-22-007

      Appellee                                     Trial Court No. 2021-CR-0158

v.

Terry D. Dobbins                                   **DECISION AND JUDGMENT**

      Appellant                                    Decided: December 29, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Justin M. Weatherly, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Background

{¶ 1} Following a traffic stop on June 10, 2020, police discovered a large quantity

of marijuana and cash in the vehicle in which, appellant, Terry Dobbins, was a passenger.

Appellant was charged in a three-count indictment with aggravated possession of drugs in

violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree (Count 1); aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(a), a felony of the fourth degree (Count 2); and trafficking in marijuana in violation of R.C. 2925.03(A)(2) and (C)(3)(a), a felony of the fifth degree (Count 3). Each count had an attached specification for forfeiture of money in a drug case pursuant to R.C. 2941.1417(A).

{¶ 2} On October 25, 2021, appellant entered a no contest plea to the charged offenses and the specifications. The trial court found appellant guilty of each offense, but held finding on the attached specifications in abeyance, granting the parties leave to file briefs on the "legal effect of a no contest plea on forfeiture[.]"

{¶ 3} On January 27, 2022, appellant entered into an amended plea. Appellant changed his plea to guilty as to Counts 1 and 3, with the prosecution agreeing to dismiss Count 2 at sentencing. Appellant also stipulated to forfeiture of the $9,000.00 seized. The trial court accepted the plea and again found appellant guilty of the offenses and the specifications.

{¶ 4} On January 28, 2022, the trial court sentenced appellant to a prison term of 10 months as to Count 1, aggravated trafficking of drugs, after finding Count 3, trafficking in marijuana, merged with Count 1. The trial court ordered forfeiture of the "items which were seized as contraband." Appellant was given notice of 2 years of discretionary post release control and granted 1 day of jail time credit. The state dismissed Count 2.

2.

**{¶ 5}** On February 28, 2022, appellant filed his appeal. Appellant did not request any transcripts, including the transcript for his sentencing hearing, as part of the appeal. Appellant also did not seek a stay of sentence.

**{¶ 6}** On October 4, 2022, appellant was released from prison. [1]

**{¶ 7}** On October 25, 2022, the appeal was submitted on the briefs.

## II. Assignments of Error

**{¶ 8}** Appellant asserts a single assignment of error on appeal:

THE TRIAL COURT ERRED IN IMPOSING A SENTENCE FOR APPELLANT THAT IS CONTRARY TO LAW.

## III. Analysis

**{¶ 9}** Our review of felony sentences is governed by R.C. 2953.08(G), which provides, in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

---

[1] Although not noted by the parties, the record contains a docket entry, dated October 17, 2022, captioned "Notice of Inmate release and forwarding address filed." While voluntarily serving the sentence may render an appeal moot, the record does not reveal whether appellant was placed on post release control. *See State v. Goltson,* 71 Ohio St.3d 224, 643 N.E.2d 109 (1994); *State v. Ambriez,* 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 9 (finding an appeal of sentence moot, distinguishing *Golston* based on the lack of post release control as part of Ambriez's sentence). Accordingly, it is not clear from the record that the appeal of sentence is moot.

3.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 10} In challenging the sentence as "contrary to law," appellant argues the trial court erred in considering the factors under R.C. 2929.11 and 2929.12. In *State v. Jones,* 2020-Ohio-6729, 163 Ohio St.3d 242, 169 N.E.3d 649, ¶ 42 and *State v. Toles,* 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, the Ohio Supreme Court expressly rejected application of a "contrary to law" review to the trial court's consideration of factors under R.C. 2929.11 and 2929.12.

{¶ 11} We have summarily rejected challenges to a trial court's findings under R.C. 2929.11 and 2929.12. *See State v. Bowles,* 2021-Ohio-4401, 181 N.E.3d 1226, ¶ 7 (6th Dist.) (citing *Jones* and *Toles*). Appellant's challenge based on R.C. 2929.11 and

2929.12, accordingly, merits no analysis, as settled law precludes review based on these statutory factors.

{¶ 12} Appellant also argues the trial court erred in imposing a prison term as a sentence for a felony of the fifth degree, under R.C. 2929.13(B). While R.C. 2953.08(G)(2)(a) permits our review of a trial court's findings under R.C. 2929.13(B) to determine whether the record supports the sentence by clear and convincing evidence, appellant failed to include a transcript for the sentencing hearing with the record on appeal. Appellant bears the burden of pointing to evidence in the record demonstrating error. *State v. Orzechowski,* 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 7, citing *State v. Torres,* 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 13} In this case, the record supports a prison sentence for the fifth degree felony, instead of a community control sanction. First, appellant acknowledges his prior felony conviction. Pursuant to R.C. 2929.13(B)(1)(a), "the court shall sentence the offender to a community control sanction" ***unless*** the offender has a prior felony conviction. Based on the prior conviction, the trial court had discretion to impose a prison sentence instead of a community control sanction.

{¶ 14} The record also demonstrates that appellant previously served prison terms for several drug offenses, including a prior trafficking conviction. Pursuant to R.C. 2929.13(B)(1)(b), "a trial court regains discretion to impose a prison term on a defendant who otherwise would fit within the scope of division (B)(1)(a) but for the presence of one or more additional facts." *State v. Taylor,* 2014-Ohio-2821, 15 N.E.3d 900, ¶ 7 (2d

5.

Dist.). Based on the prior prison terms, the trial court had discretion to impose a prison term under R.C. 2929.13(B)(1)(b)(ix).

{¶ 15} While not disputing the facts, appellant argues that his prior convictions and prison sentences are distinguishable from this court's application of the law in an earlier case, *State v. Hull,* 6th Dist. Sandusky No. S-13-029, 2014-Ohio-2103, because appellant in this case possessed a medical marijuana card and marijuana is "arguably a controlled substance that is much less severe." In *Hull,* we affirmed the imposition of a prison sentence based on application of R.C. 2929.13(B), finding as follows:

> R.C. 2929.13(B)(1)(a) directs that an offender convicted of a non-violent fourth or fifth degree felony be placed on community control if (1) the offender has not previously been convicted of a felony, and (2) the most serious offense against the offender is a fourth or fifth degree felony, and (3) a community control program is available, and (4) the offender has not been convicted of a misdemeanor of violence within the two years prior to the present offense.

> [Hull] had previously been convicted of a felony, so this directive is inapplicable to her.

> R.C. 2929.13(B)(2)(b) grants a sentencing court discretion to impose a term of imprisonment for a non-violent fourth or fifth degree felony if, inter alia, the offender had previously served a prison term, was under community control, or was on probation at the time of the present offense.

6.

[Hull] had previously served prison time for a 2009 cocaine trafficking conviction and was on probation at the time of the present offense. Accordingly, the trial court was vested with discretion to impose imprisonment for this offense.

For a fifth degree felony, no findings are required by R.C. 2929.13 or 2929.14. R.C. 2929.20(I) is inapplicable. Moreover, based on our review of the record, including the presentence investigatory report, we conclude that the trial court's decision to impose imprisonment was not an abuse of discretion.

*Hull* at ¶ 8-12.

{¶ 16} We find nothing to distinguish the analysis in *Hull* with the present appeal. Appellant has a prior felony conviction, and therefore the requirement for community control did not apply to him. R.C. 2929.13(B)(1)(a). Appellant also had served a previous prison term, permitting the trial court to impose a prison sentence at its discretion. R.C. 2929.13(B)(1)(b)(ix). Accordingly, appellant's sentence was authorized by law.

## IV. Conclusion

{¶ 17} Based on the forgoing, we affirm the judgment of the Erie County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                     _____
                                                                         JUDGE

Gene A. Zmuda, J.


Myron C. Duhart, P.J.                  _____
CONCUR.                                                           JUDGE


                                                                  _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.